**James CATO, Jr., Plaintiff–Appellant,**

v.

**J. A. DUMONT, Defendant–Appellee.**

No. 16–16447

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 **

FILED OCTOBER 4, 2017

James Cato, Jr., Corcoran, CA, pro se.

Suzanne Antley, John Paul Walters, II, Esquire, AGCA—Office of the Attorney General (San Diego), San Diego, CA, for Defendant–Appellee

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MEMORANDUM *

California state prisoner James Cato, Jr., appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action arising out of his placement in administrative segregation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's legal rulings on exhaustion and for clear error the district court's findings on disputed issues of material fact relevant to exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court did not clearly err by finding that Cato's grievance was untimely and that Cato did receive a response to his grievance but failed to exhaust his administrative remedies to the highest level. *See id.* at 1170–71 ("[D]isputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue."). Thus, the district court properly granted summary judgment because Cato failed to raise a genuine dispute of material fact as to whether he properly exhausted administrative remedies or whether administrative remedies were effectively unavailable to him. *See Ross v. Blake,* —— U.S. ——, 136 S.Ct. 1850, 1858–60, 195 L.Ed.2d 117 (2016) (setting forth circumstances when administrative remedies are unavailable); *Woodford v. Ngo,* 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) ("[P]roper exhaustion of administrative remedies ... means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (cita-

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

tion, internal quotation marks, and emphasis omitted)).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.